MRS. W. A. MITCHELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3177.   Promulgated July 23, 1928.

*J. M. McMillen, Esq.*, for the petitioner.
*Benjamin H. Saunders, Esq.*, for the respondent.

## OPINION.

GREEN: This proceeding must be decided adversely to the petitioner on the ground that she has failed in her proof. The error alleged in the amended petition was that:

The Commissioner erred in holding that the sale by taxpayer of certain interests in the oil, gas and other minerals in, on or under certain Real Estate for $16,000.00 cash to W. C. Barnes in the year 1919, resulted in income to taxpayer of $16,000.00.

The petitioner further alleged in the same petition that:

The Commissioner considered the $16,000.00 as income on the theory that the property sold had been inherited by taxpayer from her mother and the $16,000.00 represented the increase from the date inherited to the date sold.

It is the petitioner's contention that the property which she sold was acquired as a gift from her father on the day she sold it and that she, therefore, realized neither profit nor loss on the sale. But the record is so void of essential facts that we are unable to determine whether or not there is merit to the petitioner's contention. For instance, all that we can find as a fact, other than the respondent's determination that the petitioner inherited the property in question from her mother in 1916, is that after she had pleaded with her father for several hours to give her what he had given some of the other children who had not contested the will, he quitclaimed to her and her husband the property in question, which was sold on the same day to Barnes for $16,000. But who owned the property prior

to Modena Jennings' death? Was it the separate property of E. Y. Jennings? Was it the separate property of Modena Jennings? Or was it community property? The respondent in his answer admits that E. Y. Jennings quitclaimed to the petitioner and her husband " certain royalty interests in oil, gas and minerals on, in or under certain real estate *formerly belonging to Mrs. E. Y. Jennings.*" The original petition alleged that the " royalty interests " were " on, in or under certain real estate which *Mr. and Mrs.* E. Y. Jennings owned prior to the death of Mrs. E. Y. Jennings." The amended petition does not allege who was the owner of the property prior to Modena Jennings' decease, but in the brief counsel for petitioner argues as follows:

> Certainly there is no evidence in the record that this taxpayer inherited any interest whatever in the property deeded to her. Neither is there any evidence that the property transferred to her was ever property owned by Mrs. Jennings prior to her death. The record merely shows that E. Y. Jennings deeded certain royalty interests to his daughter (Mrs. Mitchell) and her husband. There is nothing whatever to show that Mrs. Jennings had an interest in the property at any time or to show that the title to this property was not in E. Y. Jennings, the maker of the deed. As a presumption of law, the party making a transfer is presumed to own the property he transfers. If this presumption is not rebutted it stands as a fact. Where in the record is there any testimony to show that this property transferred to Mr. and Mrs. Mitchell did not belong to E. Y. Jennings? * * *

The answer to the last question in the above quotation is that the respondent determined the deficiency on the finding that the petitioner inherited the property sold from her mother, and that the presumption of correctness of that determination has not been overcome.

We, furthermore, do not know whether the mother's will was ever probated. It is alleged in the petition that the will " was duly probated," but that allegation was denied in the respondent's answer and no proof of probate was offered. The nature of the release which the petitioner and her husband signed and delivered to petitioner's father was not disclosed. Lastly, the record does not show when the leases creating the royalty interests in question were made or by whom made. The evidence, in our opinion, is wholly insufficient to enable us to pass upon the legal effect that such facts might cause. The burden is upon the petitioner to prove by competent evidence that the respondent erred in his determination of the deficiency. *Davis & Shaw Furniture Co.* v. *Commissioner*, 6 B. T. A. 705. This we believe she has failed to do, and, accordingly, judgment must be for the respondent.

In passing we desire merely to mention the *Appeal of Mrs. D. W. Fish*, 5 B. T. A. 393, who was also a daughter of Modena Jennings and a sister to the petitioner here. While that case has not been used

as an authority for the instant decision, the facts there are more complete and on those facts the respondent's determination was sustained.

Reviewed by the Board.

*Judgment will be entered for the respondent.*